UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOSHUA TODD WOOLRIDGE, | ) | 1:09-cv-01455-OWW-GSA-PC |
| Plaintiff, | ) ) ) | ORDER REVOKING IN FORMA PAUPERIS STATUS |
| vs. | ) ) | ORDER VACATING ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS (Doc. 4.) |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., | ) ) ) ) |  |
| Defendants. | ) ) ) ) | ORDER VACATING ORDER DIRECTING CDC TO COLLECT FILING FEE PAYMENTS FOR THIS ACTION (Doc. 4.) |
|  | ) ) ) ) ) | ORDER FOR PLAINTIFF TO PAY $350.00 FILING FEE WITHIN THIRTY DAYS |

**I.     BACKGROUND**

Plaintiff, Joshua Todd Woolridge ("Plaintiff"), is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff filed this action on August 19, 2009. (Doc. 1.) On August 20, 2009, the Court granted Plaintiff leave to proceed in forma pauperis pursant to 28 U.S.C. § 1915. (Doc. 4.)

**II.     THREE STRIKES PROVISION**

The Prison Litigation Reform Act governs proceedings in forma pauperis. 28 U.S.C. 1915. Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought

1

an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." Plaintiff became subject to section 1915(g) on March 20, 2007, and is precluded from proceeding in forma pauperis unless he is, at the time the complaint is filed, under imminent danger of serious physical injury.[1]

The Court has reviewed Plaintiff's complaint and finds that Plaintiff does not meet the imminent danger exception.[2] Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007). Because Plaintiff is not under imminent danger of serious physical injury, he is ineligible to proceed in forma pauperis in this action and must submit the appropriate filing fee in order to proceed with this action.

## III. CONCLUSION

Based on the foregoing, it is HEREBY ORDERED that:

1. Pursuant to 28 U.S.C. § 1915(g), Plaintiff is ineligible to proceed in forma pauperis in this action, and Plaintiff's in forma pauperis status is REVOKED;

2. The court's order of August 20, 2009, which granted Plaintiff's application to proceed in forma pauperis, is VACATED ;

3. The court's order of August 20, 2009, which directed the California Department of Corrections and Rehabilitation ("CDCR") to make payments to the Court from Plaintiff's prison trust account for payment of the filing fee for this action is VACATED;

4. Plaintiff shall submit the $350.00 filing fee in full within **thirty (30) days**;

---

[1] The Court takes judicial notice of case numbers 5:04-cv-01602-UA-MAN Woolridge v. San Bernardino County Dep't of Childrens Svc. Dir., et al. (C.D. Cal.) (dismissed 01/20/2005 for failure to state a claim); 5:06-cv-01351-UA-MAN Woolridge v. San Bernardino County Dep't of Childrens Svc. Dir. (C.D. Cal.) (dismissed 01/03/2007 for failure to state a claim); 5:07-cv-00229-UA-DUTY Woolridge v. San Bernardino County Dep't of Childrens Svc. Dir. (C.D. Cal.) (dismissed 03/20/2007 for failure to state a claim); 5:08-cv-01815-UA-MAN Woolridge v. City/County of Riverside, et al., (C.D. Cal.) (dismissed 01/16/2009 for failure to state a claim); 5:09-cv-00314-UA-MAN Woolridge v. City/County of Riverside, et al., (C.D. Cal.) (dismissed 02/23/2009 for failure to state a claim); 1:09-cv-00158-AWI-GSA Woolridge v. Cal. Dep't of Corr. & Rehab., et al., (E.D. Cal.) (dismissed 05/15/2009 for failure to state a claim); 2:09-cv-00734-JAM-GGH Woolridge v. Cal. Dep't of Corr. & Rehab., (E.D. Cal.) (dismissed 07/27/2009 for failure to state a claim); and 5:09-cv-01377-UA-MAN Woolridge v. Anwar, (C.D. Cal.) (dismissed 07/29/2009 for failure to state a claim).

[2] Plaintiff's claim in this action arises from generalized conditions of confinement issues at Kern Valley State Prison. The Court expresses no opinion on the merits of Plaintiff's claims.

5. The Clerk of Court is directed to serve a copy of this order on:
  (1) the Director of the CDCR; and
  (2) the Financial Department, U.S. District Court, Eastern District of California, Fresno Division; and
6. If Plaintiff fails to pay the $350.00 filing fee in full within thirty days, this action will be dismissed, without prejudice.

IT IS SO ORDERED.

**Dated:   February 17, 2010**               /s/ Oliver W. Wanger
                                    UNITED STATES DISTRICT JUDGE